THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVESTRE DUENEZ, | CASE NO. C16-1238-JCC |
| Plaintiff, | ORDER |
| v. | |
| DAKOTA CREEK INDUSTRIES, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

In 2013, Plaintiff Silvestre Duenez ("Duenez") was terminated from his job as a painter at Defendant Dakota Creek Industries ("Dakota"). (Dkt. No. 1 at 3.) Duenez brings state and federal discrimination claims against Dakota alleging that he was harassed, subjected to a hostile work environment, and ultimately terminated because of his gender, race, and national origin. (*Id*.) Dakota asserts that Duenez was terminated for non-discriminatory reasons. (Dkt. No. 9 at 5–6.) In this motion, Duenez asks the Court to compel Dakota to produce employment records related to other potential discrimination claims both before and after he worked for the company. (Dkt. No. 14 at 7–9.)

## II. DISCUSSION

After Duenez filed this motion, Dakota supplemented its discovery responses. (Dkt. No. 19 at 2.) Given the subsequent production, the Court believes the only issue left for consideration is the temporal period of discovery regarding certain employment records. Duenez asks the Court to compel Dakota to: (1) identify and produce employment records for employees who were demoted or involuntarily separated from 2011 to the present; (2) identify and produce documents related to any investigations, discipline, or counseling related to any employee demoted or involuntarily separated from 2011 to the present; (3) identify all employees who made discrimination, harassment, or retaliation complaints from 2011 to the present and produce any related documents; and (4) produce documents related to any other discrimination, harassment, or retaliation claims brought against Dakota from 2011 to the present. (Dkt. No. 14 at 5.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addressing the proportionately of discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Duenez seeks discovery that is relevant to his claims and Dakota's defenses. Duenez alleges that he was harassed and then fired based on his gender, race, and national origin. (Dkt. No. 1 at 3.) Records regarding similar adverse employment actions and claims both before and after Duenez was terminated are reasonably calculated to produce admissible evidence. Proof of similar actions or complaints could also be relevant to Dakota's defense that Duenez was terminated for non-discriminatory reasons. (Dkt. No. 9 at 5–6.) This Court has recognized that in

employment discrimination cases, "pattern and practice" evidence is discoverable and admissible to prove discriminatory intent. *Lauer v. Longevity Med. Clinic PLLC*, C13-0860-JCC, slip op. at 4 (W.D. Wash. Oct. 29, 2014). To that end, "non-party personnel files of current and past employees fit squarely into the pattern and practice evidentiary category that has been deemed relevant by the Ninth Circuit." *Id*. This is exactly the type of evidence Duenez seeks from Dakota.

Dakota objects to the timeframe of Duenez's requests for production as "overbroad" and "overly burdensome." (Dkt. No. 16 at 4.) Accordingly, Dakota has produced responsive documents from only calendar year 2013, which it argues is a reasonable time period because Duenez was employed at Dakota for five months of that year. (*Id*. at 3.) The Court disagrees. Dakota has not demonstrated with any specificity how Duenez's requests are overly burdensome. Duenez seeks specific documents for a discrete period of years and Dakota has not articulated any great cost or hardship to produce the documents. The fact that Duenez has already deposed several Dakota employees does not lessen the relevance of the documents Duenez seeks nor does it make them any more burdensome to produce. (Dkt. No. 16 at 4.)

The Court concludes that the reasonable temporal scope for discovery is the beginning of 2011 through August 5, 2016, which is the date Duenez filed his lawsuit. Duenez points to evidence that other employees made similar claims against Dakota in both 2014 and 2016. (Dkt. No. 18 at 3.) Such claims make discovery during the period from 2013 to 2016 appropriate. As to the period from 2011 to 2013, Duenez points out that two of the employees that allegedly harassed him had worked for Dakota since 2009 and 2011, respectively. (Dkt. No. 14 at 8.) Given that fact, Duenez is entitled to learn whether those employees or others were involved in similar incidents prior to Duenez's employment at Dakota. A five-year discovery period fits well within the range of time courts have approved in the employment discrimination context. *See Paananen v. Cellco P'ship*, No. C08-1042-RSM, slip op. at 9 (W.D. Wash. Oct. 8, 2009) (finding that three to eight years is normally an appropriate range for discovery of comparator evidence in

employment discrimination cases).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 14) is GRANTED. The Court ORDERS that within 14 days of entry of this Order, Defendant is COMPELLED to:

(1) identify and produce employment records for employees who were demoted or involuntarily separated from January 1, 2011 through August 5, 2016;

(2) identify and produce documents related to any investigations, discipline, or counseling related to any employee demoted or involuntarily separated from January 1, 2011 through August 5, 2016;

(3) identify all employees who made discrimination, harassment, or retaliation complaints from January 1, 2011 through August 5, 2016; and

(4) produce documents related to any other discrimination, harassment, or retaliation claims brought against Dakota from 2011 to the present.

The parties are ORDERED to meet and confer to resolve any future discovery disputes.

DATED this 8th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE